**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JORDAN G.,[1]                                          Case No. 2:24-cv-04146

        Plaintiff,                                Graham, J.
                                                      Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Jordan G. filed this Social Security appeal to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error (Doc. 8), which Defendant disputes (Doc. 10). For the following reasons, the undersigned recommends that the Commissioner's decision be AFFIRMED.

**I. Summary of Administrative Record**

On May 12, 2022, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. Plaintiff alleged disability beginning on June 30, 2020. Plaintiff's application was denied initially and on reconsideration.

On August 23, 2023, Plaintiff appeared with counsel and testified at a telephonic hearing before Administrative Law Judge ("ALJ") Jason Tepley. A vocational expert also

---

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

1

appeared and testified. On October 3, 2023, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled (Tr. 17-31). The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

Plaintiff was born in 1985 and was 36 years old on the alleged disability onset date. (Tr. 29). He has at least a high school education, past relevant work as a massage therapist, and did not engage in substantial gainful activity during the period from the onset date through the date he was last insured. (Tr. 19, 29).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "residuals of transverse fractures of the lumbar spine; scoliosis and spinal degeneration; adjustment disorder with depressed mood; post-traumatic stress disorder ("PTSD"); depression; attention deficit hyperactivity disorder ("ADHD"); migraines; and substance use disorder." (Tr. 19). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 20). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC) to perform light work subject to the following exceptions:

> occasionally climb ramps or stairs, stoop, kneel, crouch, crawl, or balance (as defined by the SCO); never climb ladders, ropes, or scaffolds; and tolerate no exposure to unprotected heights or moving mechanical parts. Mentally, he can understand, remember, and carry out simple instructions; occasionally interact with coworkers and supervisors; no interaction with the general public; can make simple work-related decisions; can deal with occasional changes to a routine work setting explained in advance; and no work that requires satisfaction of production quotas or that involves assembly line pace.

2

(Tr. 24).  Based on the RFC and testimony from the VE, the ALJ agreed that Plaintiff could not perform any past relevant work. (Tr. 29). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of merchandise marker, collator operator, and housekeeping cleaner. (Tr. 30). The ALJ concluded that Plaintiff was not disabled from June 30, 2020 through September 30, 2021, the date last insured. (*Id.*).

In this case, Plaintiff contends that the ALJ failed to properly evaluate medical evidence underlying prior administrative disability determinations and failed to fully and fairly develop the record. (Doc. 8).

## II.  Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In

conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

4

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B.  The ALJ Properly Considered the Prior Administrative Medical Evidence**

In his first claim of error, Plaintiff asserts that the ALJ failed to properly consider the medical evidence underlying the VA's prior disability decision. According to Plaintiff, the ALJ improperly conflated the VA disability decision—which need not be analyzed according to the applicable regulations—with the evidence supporting the VA's determination. Specifically, Plaintiff contends that the ALJ failed to properly consider Dr. Mario Rivero's December 2022 evaluation finding that Plaintiff's headaches resulted in "significant disability" or a 50% disability rating. (*See* Doc. 8 at PageID 1112). The undersigned disagrees.

Under 20 C.F.R. § 404.1504, a decision by another governmental agency establishing that a claimant is disabled is not binding on the ALJ.  Because a prior agency decision is "inherently neither valuable nor persuasive," the ALJ "will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c."  *See*  20 C.F.R. § 404.1504b(c). *See also Boggs v. Comm'r of Soc. Sec.*, No. 2:20-cv-6135, 2021 WL 4771267, at *6 (S.D. Ohio Oct. 13, 2021) ("VA disability ratings are diagnosis-driven and not based on an evaluation of remaining functional capacity as is required under the Social Security Regulations."). This is true for claims like Plaintiff's, which were filed on or after March 27, 2017. However, as argued by

5

Plaintiff, § 404.1504 provides that the ALJ is required to consider all the supporting evidence underlying the governmental agency's decision.

The undersigned finds no error in the ALJ's decision. The ALJ in this case considered both Plaintiff's subjective allegations as well as the persuasiveness of the prior administrative medical records. With respect to the prior administrative findings, the ALJ reviewed the records underlying the State Agency Division of Disability and the VA disability determinations. As noted by the ALJ, the State Agency physical and mental consultants found insufficient evidence to support a medically determinable impairment and, therefore, no residual functional capacity was assessed.  Specifically, in November 2022, Linda Hall, M.D. and Karla Delcour, Ph.D., found no records from the relevant period. (Tr. 73, 74). In February and March 2023, Gerald Klyop and Jennifer Swain reached the same conclusion on reconsideration. (Tr. 78-79). To the extent that the State Agency evaluations could be considered an opinion, the ALJ found them unpersuasive, finding that the record supported "severe physical and mental impairments with associated limitations" for the reasons set forth in the decision. (Tr. 28).

Contrary to Plaintiff's claim, the ALJ also properly evaluated the evidence underlying the VA's disability determination, including the December 2022 opinion of Dr. Rivero. Rivero reviewed Plaintiff's VA claims file and medical records, concluding that Plaintiff's headaches resulted in "significant disability" and that "he should be rated at 50%." He found a connection between Plaintiff's service-related injury in 2011 and Plaintiff's headaches in 2022.[2] In reaching his opinion, Rivero expressed disagreement

---

[2] Rivero's opinion included review of Plaintiff's history of migraine and tension headaches, noting that Plaintiff developed headaches in 2011, after taking Gabapentin (Tr. 701); that Plaintiff, in 2013, had a diagnosis of migraines with the onset of 2011 (Tr. 703); and that his 3/1/2022 progress note revealed that

6

with the December 30, 2013 VA Rating Decision finding that "no evidence shows a link between [Plaintiff's] headache condition and a service-connected disability" (Tr. 706); a March 1, 2022 examination finding "no current diagnosis of headache in available medical records" (Tr. 707); and a August 8, 2022 examination also finding "the available medical records do not note objective medical evidence supporting or confirming a diagnosis of migraine headaches." (Tr. 708).

The ALJ was not required to provide any analysis regarding Plaintiff's VA disability rating or Rivero's suggestion that Plaintiff was disabled, as this issue is reserved to the Commissioner. *See* 20 C.F.R. § 404.1520b(c)(1) & (c)(3)(i). *See also,* e.g., *Christopher L. v. Comm'r of Soc. Sec.,* No. 3:24-cv-310, 2025 WL 2119471, at *3 (S.D. Ohio July 29, 2025) (affirming ALJ's decision despite any failure of ALJ to consider the VA's disability determination). The ALJ otherwise explicitly considered the evidence relied upon by Rivero in the assessment of Plaintiff's headache impairment:

> With respect to the claimant's migraine headache impairment, the record shows a diagnosis of headaches, but the record does not support the frequency or severity of headaches that the claimant has alleged. Indeed, there is no indication of emergency department visits related to this condition, and there is no indication of notable neurological concerns during the normal examinations identified above. The claimant reported having headaches in March 2021, and there was a history of headaches 10 years earlier, but there was no diagnosis of this condition in the record at this time (Ex. 12F/26 and 13F/4). He described having headaches after taking Gabapentin (Ex. 13F/2). Dr. Rivero indicated that the claimant had a diagnosis of headaches in 2022 (Ex. 13F).
>
> . . .

---

Plaintiff had headache pain that was not new (Tr. 704).  Rivero stated that "peer-reviewed medical literature supports that both [Plaintiff's] headaches and, specifically, migraines are related to both his service-connected back pain due to scoliosis with associated muscular tension and his service-connected depression." (Tr. 707). Coupled with Plaintiff's own lay statements, which he found credible, Rivero determined that Plaintiff's headaches resulted in "significant disability."

> The undersigned notes the opinion of Dr. Maria Rivero for the VA claim (Ex. 13F). Dr. Rivero opined in part that the claimant's headaches result in "significant disability" or a 50% disability rating. This opinion was made in the context of the VA disability program and not under the framework of the Social Security Act, and as such it is not persuasive for the purposes of this decision. The underlying references to the claimant's condition, however, have been considered in forming the RFC above.

(Tr. 26, 28). The ALJ did not err in assessing the medical evidence underlying the VA's prior disability decision. Although Rivero—in contrast to other opinions noted above—opined that Plaintiff's records supported a diagnosis of migraines in 2022, after evaluating the full record, including the evidence relied upon by Rivero, the ALJ determined that the record did not support the frequency or severity of headaches that Plaintiff alleged during the relevant time period. Because the ALJ's findings and conclusions are supported by substantial evidence and are otherwise consistent with the applicable regulations, this Court must defer to his decision.

## C. The ALJ did not Err by Failing to Fully and Fairly Develop the Record

Plaintiff also claims that the ALJ erred by failing to further develop the record. The undersigned disagrees, as the record contained sufficient evidence for the ALJ to evaluate Plaintiff's claim of disability and make an informed decision regarding his RFC. Although Plaintiff did not submit any medical records from the relevant period, the ALJ considered the record evidence prior to onset date and after his date last insured. In making his RFC determination, the ALJ considered Plaintiff's subjective allegations and concluded that his statements concerning the intensity, persistence and limiting effects of

8

his symptoms were not entirely consistent with the medical and other evidence in the record.[3]

Plaintiff here suggests that the ALJ should have further developed the record because no medical opinions support the ALJ's findings. However, if the ALJ supports his RFC with a "combination of objective medical evidence and non-medical evidence," decisions are upheld "even where there is no medical opinion that corresponds precisely to the RFC found by the ALJ." See *Naddra v. Comm'r of Soc. Sec.,* No. 1:16-CV-340, 2016 WL 11268204, at *8 (S.D. Ohio Dec. 22, 2016) (Bowman, M.J.) (collecting cases), report and recommendation adopted, No. 1:16-CV-340, 2017 WL 1194708 (S.D. Ohio Mar. 31, 2017) (Barrett, D.J.). In other words, the foundation of the ALJ's RFC does not have to be a physician's medical opinion, so long as the ALJ sufficiently "make[s] a connection between the evidence relied on and the conclusion reached." *Tucker v. Comm'r of Soc.* Sec., 775 F. App'x 220, 226 (6th Cir. 2019) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)). The ALJ did so here.

It is well-established that a claimant bears the burden of producing evidence that demonstrates him entitlement to disability benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson,* 441 F.2d 1230 (6th

---

[3] In this regard, the ALJ summarized as follows:

In sum, as discussed above, the severity of the claimant's allegations is not consistent with the overall record, including the medical evidence or the claimant's continued activities. For example, despite his allegations of debilitating back pain, diagnostic imaging does not show this level of impairment and his treatment has been conservative in nature. Further, the claimant continues to drive for up to an hour at a time, an activity that requires sustained focus/concentration; he mows the grass, uses a weedwhacker, hikes with his family, and can perform up to five pull ups, each activities supporting a finding that he can perform, at a minimum, light exertional work. Further, although he alleges inappropriate conduct around others, he goes to stores, to his mom's house with his family, and restaurants, evidencing the ability to perform work with limited contact with others. (Tr. 29).

9

Cir. 1971)). As such, the "burden of providing a complete record, defined as evidence complete and detailed enough to enable the [Commissioner] to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (internal citation omitted).  The ALJ "is a neutral factfinder, not an advocate" and "promoting the claimant's case . . . is not the ALJ's obligation." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022) (citations omitted). "Although the ALJ is responsible for ensuring the claimant a full and fair hearing, the claimant has the ultimate burden of producing sufficient evidence to show the existence of a disability." *See Allison v. Apfel*, 229 F.3d 1150 (6th Cir. 2000) (citations omitted); see also 20 C.F.R. § 404.1512(a). The ALJ is not required to further develop the record if there is sufficient evidence in the record to evaluate the disability claim. *See Hizer v. Comm'r of Soc. Sec.*, 852 F. App'x 999, 1003 (6th Cir. 2021) (no duty to develop the record where the claimant was represented by counsel and the record was not deficient).

In this case, Plaintiff has produced no opinions from any medical provider suggesting the existence of any functional limitations greater than those found by the ALJ, which undermines his arguments regarding the completeness of the administrative record and the ALJ's RFC formulation. Nor does Plaintiff explain how the record evidence establishes greater functional limitations than those found by the ALJ. Ultimately, it is the sole responsibility of the ALJ—not a physician or a particular medical opinion—to evaluate the evidence in the record and determine the RFC. *See* 20 C.F.R. § 416.946; *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). Based on the foregoing, the undersigned finds that ALJ's RFC determination is supported by appropriate and substantial evidence.

10

**III. Conclusion and Recommendation**

Because the Commissioner's decision reflects no reversible error and is supported by substantial evidence, **IT IS RECOMMENDED THAT** the decision be **AFFIRMED** and that this case be **CLOSED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JORDAN G.,                                      Case No. 2:24-cv-04146

        Plaintiff,                            Graham, J.
                                                Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12